HOOD, Judge.
Mrs. Vergie M. Boswell and her husband, Barton Boswell, instituted this suit to recover damages for personal injuries sustained by Mrs. Boswell when she fell on premises occupied by defendant, Louisiana Department of Public Welfare. Judgment was rendered by the trial court in favor of defendant, and Mrs. Boswell appealed.
The determining issue presented, we think, is whether there was a foreign substance on the floor of defendant’s office which caused plaintiff to fall.
On February 7, 1968, Mrs. Boswell went to the office of the Louisiana Department of Public Welfare, in Leesville, to return a check which had been issued erroneously to her deceased father. After waiting a few minutes in the reception room, she was asked to accompany Mrs. Frances Serna, a welfare case worker, to an interview room. She thereupon got up from her chair in the reception room and began to accompany Mrs. Serna through a hallway of the building. While she was walking in the hallway she fell and sustained an injury to her knee. This suit was instituted to recover damages for that injury.
Mrs. Boswell contends that she slipped and fell on a liquid foreign substance on the floor of the hallway. She admits that she *201 did not see any water or any other liquid or foreign substance on the floor, either before or after she fell. She testified, however, that she fell near a water fountain and a coke machine in the hallway, and that she noticed after her fall that her clothes were wet. In view of those circumstances, she reasoned that some water or a cold drink had spilled on the floor from the fountain or the coke machine, that defendant had negligently allowed it to remain there and that she had slipped on that foreign substance.
The testimony of the injured plaintiff is supported to some extent by that of Mrs. Lettie Johnson, who accompanied Mrs. Boswell to the welfare office that day. Mrs. Johnson was not in the building when the accident occurred, but she arrived at the scene shortly after plaintiff fell and while she was still lying on the floor. Mrs. Johnson testified that she did not see any water, liquid or foreign substance of any kind on the floor of the building, but that she got down on her knees beside Mrs. Boswell, laid her arm over plaintiff and noticed that her dress was damp “about her waist.” We attach some significance to the fact that Mrs. Johnson found no liquid or foreign substance of any kind on the floor of the hallway, even though she got down on her knees on the floor beside plaintiff within minutes after the accident occurred.
Mrs. Serna, who was with plaintiff when the accident occurred, testified that she covered Mrs. Boswell with a garment while she was lying on the floor and that she rode with plaintiff to the hospital, but that at no time did she feel or notice that plaintiff’s clothes were damp. Mrs. Serna and several other witnesses also testified that they found no liquid, and no foreign substance of any kind, on the floor of the hallway. One of those witnesses was in the reception room at the time of the accident for substantially the same reason Mrs. Boswell was there.
The evidence establishes that plaintiff was approximately ten or twelve feet from the water fountain and the coke machine when she fell. The accident occurred relatively early in- the morning, shortly after the office had been opened. Records kept in that office show that Mrs. Boswell was the thirteenth person who had come in that day. The office had been cleaned by the janitor after closing hours on the preceding day, and no one had used the water fountain or the coke machine that morning prior to the time plaintiff fell. Neither the fountain nor the coke machine had ever malfunctioned or given any trouble. The evidence shows, however, that even if the water fountain had been used that morning and water had flowed over the trough, neither of which incidents occurred, the water would have flowed toward the wall, away from the place where plaintiff fell, and thus would not have affected the area where the accident occurred.
The trial judge concluded that “the location of the fall was away from the water fountain and coke machine area,” and that “the plaintiffs have simply failed to prove their case.”
We conclude, as did the trial court, that the evidence fails to establish that there was any water, coke or foreign substance on the floor of defendant’s office at the time plaintiff fell. Having reached that conclusion, it is unnecessary for us to consider plaintiffs’ argument that defendant was negligent in having failed to discover and remove the alleged hazardous condition.
Our conclusion is that plaintiffs have failed to show negligence on the part of defendant, and that there is no error in the judgment rendered by the district court.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.